Morris B. Spector, J.
Defendant, Bay Bros. Realty Corporation, moves to strike the action from the calendar on the ground that plaintiff has failed to furnish hospital authorizations and has not complied with the Rule for Exchange of Medical Information. [N. Y. County Supreme Ct. Trial Term Rules, rule XII.] The subrogor was and still is confined to a State hospital. The plaintiff arranged for a physical examination of their subrogor and the defendants would not conduct such an examination at the hospital. Defendant previously moved at Special Term to stay all proceedings because of the failure to furnish hospital authorizations. This motion was denied on April 25, 1958, in view of the fact that plaintiff itself could not obtain the records in question and there was no showing that it willfully refused to meet the defendant’s demand. All State hospitals are operated by and under the jurisdiction of the State Department of Mental Hygiene and none of their records are available without the consents of the aforesaid department, the Attorney-General’s office and the physicians in charge of the hospital and then only on a court order. The motion is denied without prejudice to such prompt application as defendant may be advised to make at Special Term with respect to the hospital records of the subrogor.